PHILIP M. GRAUSMAN, complainant-appellant,

*v.*

PORTO RICAN-AMERICAN TOBACCO COMPANY, defendant-respondent.

WILLIAM RICE ROCHESTER et al., complainants-appellants,

*v.*

PORTO RICAN-AMERICAN TOBACCO COMPANY, defendant-respondent.

[Decided November 19th, 1923.]

Where the directors of a corporation propose an amendment to its certificate of incorporation, and by resolution provide that it is a condition precedent to the plan proposed by the amendment going into

effect that a special meeting of the stockholders of the corporation be called for the purpose of considering and taking action upon the resolution for the amendment, and that due notice of such meeting be given, and that upon obtaining the assent in writing and the approving vote of the stockholders as required by law the certificate of incorporation be amended, and nothing appearing to show that there is contemplated any action to be taken in fraud of a statute or in violation of any law of this state, a bill of complaint to enjoin such action filed before such meeting of the stockholders was prematurely filed and should be dismissed.

On appeal from an order refusing a preliminary injunction advised by Vice-Chancellor Bentley, whose opinion is reported in *95 N. J. Eq. 155.*

*Messrs McCarter & English,* for the complainant Grausman.

*Mr. Merritt Lane,* for the complainant Rochester et al.

*Messrs. Lindabury, Depue & Faulks,* for the respondent.

The opinion of the court was delivered by

KALISCH, J.

The bills filed by the complainants in this case in the court below sought to enjoin the Porto Rican-American Tobacco Company from submitting to a stockholders' meeting and for the action of the stockholders thereon a certain resolution of the directors dated May 10th, 1923, providing for an amendment to the certificate of incorporation in the respects set out in the resolution, and which amendment the complainants complain threatens to impair their vested rights, as owners of stock of the corporation.

A rule to show cause why a preliminary injunction should not be granted, together with a temporary restraining order, was allowed in the court below and the matter came up for a hearing, on the verified bills of complaint and answering affidavits, before Vice-Chancellor Bentley, who entered upon a consideration of the merits, dissolved the restraining orders

and refused a preliminary injunction, from which orders the complainants appealed.

The facts and the reasons for refusing the preliminary injunction are set out in the opinion of the vice-chancellor. Although we arrived at the same result that he did we do not base our action upon the views expressed by him in his opinion, which views are predicated upon a consideration of the meritorious question which in our opinion was not properly before him for decision. We therefore refrain from expressing an opinion upon the merits. We think the intervention of the court of chancery was prematurely sought. We turn to the resolution adopted by the directors of the respondent company and we find that after setting forth the plan and details of the proposed amendment to the certificate of incorporation the resolution makes a condition precedent to the plan going into effect that a special meeting of the stockholders be called, *for the purpose of considering and taking action* on the resolution for the amendment and increase of capitalization of the certificate of incorporation, and that due notice of such meeting be given, and that upon obtaining the assent in writing and approving vote of the stockholders of the company, as required by law, the certificate of incorporation be amended and the board of directors be authorized and empowered to issue stock as hereinabove provided, and that in the event of the certificate of incorporation being amended and the capital stock of the corporation increased, &c., the board of directors shall take such steps, &c.

A fair reading of the resolution makes it quite plain that it lacked the essential element of such finality that one could properly say that there was imminent peril confronting the complaining stockholders of their suffering irreparable injury. For, in the first place, a meeting of all the stockholders was to be held for the purpose of considering and taking action on the proposed plan. Secondly, that only upon obtaining the assent in writing and approving vote of the stockholders of the company, as required by law, was the plan to become effective.

226    COURT OF ERRORS AND APPEALS.

Gransman v. Porto Rican-Amer. Tobacco Co.   95 N. J. Eq.

Now, it is difficult to perceive how can it be said with any degree of reasonable certainty that after a consideration by the stockholders of the proposed plan at the meeting, that is, after having discussed it, that it would be adopted. It may be rejected. Those who had given their proxies, in advance, committing themselves to the plan as proposed may change their minds before the meeting takes place and revoke their proxies. The complainants themselves may change their attitude towards the adoption of the scheme, after the matter has been thoroughly discussed at the meeting, or they may effect a change therein so as to meet their views. That such a course is within the range of probability was significantly exemplified when, at the argument before us, it was announced by counsel of complainants that several of the latter had withdrawn from any further contest.

If the resolution of the board of directors had not contemplated prospective intervening acts of approval and satisfaction on the part of the stockholders, before the resolution was to become a finality, namely, that the proposed plan should be considered and approved by them according to law, or if, upon the fact of the resolution, it appeared that it contemplated the commission of a fraud upon a statute of this state, as was the situation in *Riker & Son Co.* v. *United Drug Co.,* *79 N. J. Eq. 580;* then, of course, a sufficient basis would have existed for the interference of a court of equity.

In the present case the resolution expressly provides that the plan should be considered and approved by the stockholders of the company according to law, and we must, therefore, assume, in the absence of anything to the contrary, that it is the intention of the board of directors to comply with the statute and the law as declared by this court, regulating the matter, and to properly protect the vested rights of stockholders.

If there are any cases in our reports where the court of chancery had entertained jurisdiction in this class of cases before there was final action of the corporation (cases of fraud excepted), and such cases were heard, on appeal, by this court without comment by it on the propriety of bringing the

suit. it is quite likely that the absence of any comment or action by this court was due to the fact that the question was not stirred by counsel or the immaturity of the cause escaped the observation of the court.

While it is true that counsel in the present case have not objected to the progress of the suit by the complainants herein, the court on its own motion is induced to take notice of the situation and to take action thereon, because it thinks it highly imprudent and unwise to decide questions of law postulated upon anticipatory acts of the corporation, which acts may never take place.

The function of the court is to apply legal principles to the facts as they exist and are before it, and not to anticipatory facts, which may or may not come into being; for if this were otherwise a court would constitute itself, virtually, as advisory counsel in the cause before it, and in consequence destroy the value and stability of its decisions.

Therefore, upon the ground that the bills of complaint were prematurely filed, the order in each case denying a preliminary injunction is affirmed, with a direction to the court below that the bills of complaint be dismissed without prejudice.

BLACK, J. (concurring).

I concur in the order made in the court of chancery that the rule to show cause be dismissed and the preliminary injunction applied for be refused. But I am not in accord with the reasons expressed in the opinion of this court, directing the bill of complaint to be dismissed. It seems to me there is a misapplication of sound reasoning to the facts, as they appear in the record. The intervention of the court of chancery was not prematurely sought. The bill of complaint was not prematurely filed. The resolution, the subject of the controversy, was adopted May 3d, 1923. Notices for a special meeting of the stockholders to be held on May 31st, 1923, to vote upon the plan, were sent on May 10th, 1923, to each of the stockholders of record. Two hundred and seventy-five stockholders, more than two-thirds in interest of its outstanding capital stock, as required by the statute,

had sent their proxies to the officers of the defendant company for the purpose of voting in favor of the plan. The complainant owns three hundred and twenty-five shares of the capital stock. The bill was filed and an order to show cause with a restraint was made on May 29th, 1923. Courts are organized for the purpose of administering justice and settling the merits of a controversy; not simply to act as an umpire over a contest, in which, whether invoked or not, the rules are applied with adroitness and frequently with sharpness.

*For affirmance* — THE CHIEF-JUSTICE, TRENCHARD, KALISCH, KATZENBACH, HEPPENHEIMER, VAN BUSKIRK—6.

*For reversal*—PARKER, BLACK, ACKERSON—3.